**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA

                                        CASE NO. 06-20388
      Plaintiff,                 HON. LAWRENCE P. ZATKOFF

v.

KAREEM MARTIN,

      Defendant.
_____/

**SENTENCING OPINION**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 19, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

On October 24, 2006, Defendant pled guilty to Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1). For the reasons set forth below, the Court sentences Defendant to 276 months imprisonment.

**II. SENTENCING FACTORS**

When sentencing a defendant, the Court must consider the relevant factors from 18 U.S.C. § 3553, and articulate the reasons for its sentencing decision. *See U.S. v. McBride*, 434 F.3d 470, 476 (6th Cir. 2006). The Court has considered the relevant factors as they relate to Defendant and its analysis follows.

**1.**     **The Nature and Circumstances of the Offense**

Defendant was arrested on March 10, 2006, following a drug transaction. At the time of the arrest, Defendant possessed 18.1 grams of cocain base "crack," and 19.2 grams of marijuana.

Defendant admitted to selling drugs to pay for school and consented to a search of his bedroom, where officers found (1) three boxes of assorted ammunition, (2) .67 grams of cocaine, (3) 53.6 grams of cocaine base "crack," (4) 30.0 grams of powder cocaine, (5) 98.4 grams of marijuana, and (6) a .380 caliber semi-automatic handgun loaded with six live rounds. In cases involving multiple types of controlled substances, the quantity of drug types is converted to their marijuana equivalency, which in this case totals 1450 kilograms.

As the facts of the case make clear, Defendant's offense was of a very serious nature, which was exacerbated by the quantity of controlled substances Defendant possessed and his possession of a dangerous weapon. Based on the nature and circumstances of the offense, a significant prison term is appropriate.

**2.      The History and Characteristics of Defendant**

Defendant is a career offender for sentencing purposes. Defendant pled guilty to delivery of cocaine in 1991 and 1993, and possession of a controlled substance in 1998. Defendant also pled guilty to attempted possession of cocaine in 1997. In relation to his 1998 conviction, Defendant was sentenced to probation. Therefore, it appears that Defendant's prior sentences have not deterred further criminal conduct.

Defendant is 33 years old and not married. He has three children by two different women and has a child support arrearage of $27,129.00. Defendant is in good health and has no history of mental, emotional or gambling problems, although Defendant has reported a history of substance abuse since he was 16 years old. Defendant has a GED from Detroit Public Schools but has not been able to maintain steady employment. Defendant currently lives with his mother.

While Defendant's background reveals a history of drug related offenses, he is the father of

three young children who will go without his support while he is incarcerated. The Court finds this fact significant in crafting a sentence that will both punish Defendant for his offense yet allow him to pay his child support arrearage at the completion of his prison term.

**3.      The Seriousness of the Offense**

Defendant possessed a significant amount of controlled substances with intent to distribute, which on its own is very serious. In addition, Defendant admitted to dealing narcotics and possessed a semi-automatic weapon with live rounds. Thus, Defendant's offense was extremely serious, warranting a significant penalty.

**4.      Promote Respect for the Law and Afford Adequate Deterrence to Criminal Conduct**

As described above, Defendant has pled guilty to several drug related offenses and has had a long history of criminal conduct. To date, Defendant's prior sentences have been ineffective in promoting respect for the law or deterring Defendant from committing other crimes. Thus, a significant sentence in this case is necessary to promote respect for the law and afford adequate deterrence to criminal conduct.

**5.      Protect the Public from Further Crimes of the Defendant**

Drug trafficking inflicts great harm on the public, and because Defendant has a history of drug related offenses, a lengthy sentence is necessary to protect the public. The Court finds that the sentence imposed in this case will effectively protect the public by incarcerating Defendant until such time as he is not likely to commit further crimes.

**6.      Sentencing Options**

Pursuant to 21 U.S.C. § 841(b)(1)(A), the minimum term of imprisonment is 10 years and the maximum term of imprisonment is life. The authorized term of supervised release is at least five

years, however, probation is not authorized. Further, the maximum fine is $4 million, and a special assessment of $100.00 is mandatory. There is no issue of restitution in this case.

**7.      Guideline Range**

Defendant's guideline range is 262 to 327 months. This is based on a total offense level of 34, which includes a 2 level enhancement for possession of a dangerous weapon and a 3 level reduction for acceptance of responsibility, and a Criminal History Category VI for being a career offender.

**8.      Policy Statements Issued by the Sentencing Commission and the Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct.**

The definition of "career offender" in § 4B1.1(a) of the Sentencing Guidelines has been refined to "focus more precisely on the class of recidivist offenders for whom a lengthy term of imprisonment is appropriate and to avoid 'unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct ....'" 28 U.S.C. § 991(b)(1)(B). The Court finds that the application of the career offender provision in § 4B1.1 adequately conforms Defendant's sentence to those of similar offenders with similar records. The consequent guideline range both reflects the seriousness of the offense and serves the Sentencing Commission's goal of consistency in sentencing like offenders.

### III.  CONCLUSION

In light of the foregoing considerations, Defendant is sentenced to 276 months imprisonment for Possession with Intent to Distribute Cocaine Base.

IT IS SO ORDERED.

          s/Lawrence P. Zatkoff
          LAWRENCE P. ZATKOFF
          UNITED STATES DISTRICT JUDGE

Dated:  January 19, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 19, 2007.

          s/Marie E. Verlinde
          Case Manager
          (810) 984-3290