UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                    No. 06-CR-20388

vs.                                  District Judge Lawrence P. Zatkoff

KAREEM MARTIN,               Magistrate Judge R. Steven Whalen

                Defendant.

_____ /

## REPORT AND RECOMMENDATION

Before the Court is Defendant Kareem Martin's *pro se*, post-judgment motion for "order seeking portion of grand jury minutes" [Docket #27], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion be DENIED.

## I.    BACKGROUND

On August 17, 2006, an indictment was filed charging Defendant with possession with intent to distribute cocaine base in excess of 50 grams, in violation of 21 U.S.C. § 841(a)(1). On October 24, 2006, Defendant entered a plea of guilty as charged, and on January 18, 2007, he was sentenced to a term of 276 months imprisonment. Defendant appealed his sentence to the Sixth Circuit, which affirmed on June 23, 2008. The Supreme Court denied Defendant's petition for writ of certiorari on October 29, 2008.

In the present motion, Defendant seeks "the allowable portion of the grand jury minutes," in particular, those portions that relate to what he claims was the government's request to amend his indictment.

## II.    DISCUSSION

Where a defendant seeks disclosure of grand jury material, Fed.R.Crim.P. 6(e)

-1-

comes into play.  Rule 6(e)(3) provides that grand jury proceedings are subject to a general rule of secrecy, and may not ordinarily be disclosed.  However, Rule 6(e)(3)(E)(i) and (ii) set forth the following exceptions:

> " **(E)** The court may authorize disclosure–at a time, in a manner, and subject to any other conditions that it directs–of a grand-jury matter:
>
> (i) preliminarily to or in connection with a judicial proceeding;
>
> (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury"

The decision whether to disclose grand jury testimony or other material under this rule is entrusted to the discretion of the court.  *United States v. Short*, 671 F.2d 178, 184 (6th Cir. 1982).  However, that discretion is not absolute, *id.*, and before disclosure is ordered, the defendant must show a "compelling necessity" for breaking the "indispensible secrecy of grand jury proceedings."  *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958); *United States v. Short*, *supra*, at 184. A compelling necessity is shown by demonstrating a "particularized need" for the disclosure.  *Proctor & Gamble* at 683. "A 'generalized desire' to inspect the grand jury records in the hope that evidence beneficial to the defendant will be discovered does not satisfy the particularized need requirement."  *United States v. Abernathy*, 2009 WL 982796, *2 (E.D.Mich., 2009)(Roberts, J.).

The Defendant's motion is vague as to precisely what grand jury "minutes" he is seeking and why he wants this material.  However, a separately filed "Request for Grand Jury Transcript" [Docket #26], adds gloss to this motion.  In that document, Defendant explains:

> "Thus, defendant has reason(s) to believe that Grand Jury's proceeding, not its deliberation and/or voting, lacked a proffered element submitted therein. This would gave (sic) grounds, providing that the transcript is obtained, to

attack the indictment itself."

Thus, the Defendant appears to be seeking disclosure under Rule 6(e)(3)(E)(ii). However, he has not met his burden of showing a particularized need for the disclosure of any grand jury material. First, his reference to the government's request to amend his indictment is puzzling, because there was no amended indictment. The indictment filed on August 17, 2006 is the only indictment in this case, and it is afforded a presumption of regularity. *United States v. Azad,* 809 F.2d 291, 295 (6th Cir.1986). The "mere speculation of irregularity is not enough to entitle the defendant to disclosure of grand jury material." *United States v. Hart,* 513 F.Supp. 657, 658 (D. Pa. 1981) (citing *United States v. Budzanowski,* 513 F.Supp. 657, 658 (3rd Cir.1972), *cert. denied,* 409 U.S. 949 (1972)).

Secondly, by pleading guilty, the Defendant waived any non-jurisdictional defects in the pre-plea proceedings, including defects in the grand jury proceedings or in the indictment itself. *Tollett v Henderson*, 411 U.S. 258, 266, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); Fed.R.Crim.P. 12(b)(3). Therefore, apart from its vagueness, his statement in Docket #26 that he wishes to "attack the indictment itself" cannot suffice as a ground to disclose grand jury proceedings.

Plaintiff has therefore not show a compelling necessity for or entitlement to the disclosure of any grand jury material. Rather, he "appears to be on fishing expedition in the hopes that he can uncover some statement that might support his...theories." *United States v. High*, 2008 WL 540830, *1 (E.D.Mich. 2008) (Zatkoff, J.).

### III.   CONCLUSION

For these reasons, I recommend that Defendant's motion for order seeking portion of grand jury minutes [Docket #27] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

**s/R. Steven Whalen**
**R. Steven Whalen**
**United States Magistrate Judge**

Date: July 8, 2009