UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                No. 06-20388

vs.                                         District Judge Lawrence P. Zatkoff

KAREEM MARTIN,                    Magistrate Judge R. Steven Whalen

        Defendant.
                                            /

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Keith Edgerson's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Docket #31], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

          **I.    FACTUAL AND PROCEDURAL HISTORY**

The Defendant was charged in a one-count indictment with possession with intent to distribute in excess of 50 grams, in violation of 18 U.S.C. §841(a)(1). On October 24, 2006, he pled guilty as charged, without the benefit of a Rule 11 plea agreement. The Court advised the Defendant as of the maximum penalty for this offense as follows:

> THE COURT: Do you understand that the maximum penalty that can be imposed on you for violating this law is you could be sent to prison for a minimum of ten years and a maximum of life?
>
> THE DEFENDANT: Yes. (Tr. 10-24-06, 9).

The Defendant proffered the following factual basis for his plea:

> THE COURT: Okay. I want you to tell me in your own words what you did that is causing you to enter this guilty plea. Tell me what happened.

THE DEFENDANT: *I was caught with fifty grams in my possession.*[1]

THE COURT: *Fifty grams of what?*

THE DEFENDANT: *Crack cocaine.*

THE COURT: Did you know this substance to be crack cocaine?

THE DEFENDANT: Yes.

THE COURT: How did you know that?

THE DEFENDANT: That's what I was selling.

THE COURT: Did you cook it up?

THE DEFENDANT: No.

THE COURT: So you purchased it from somebody?

THE DEFENDANT: Yes.

THE COURT: You were reselling it?

THE DEFENDANT: Yes.

THE COURT: You knew the substance was crack cocaine?

THE DEFENDANT: Yes.

THE COURT: *And it was fifty grams or more?*

THE DEFENDANT: *Yes.*   (Tr. 10-24-06, 11-12) (Emphasis added).

On January 18, 2007, the Court found a sentencing guidelines range of 262 months to 327 months, based on a total offense level of 34 and a criminal history category of VI. The Court sentenced the Defendant to a term of 266 months (Tr. 1-18-07, 6).  The following day, the Court entered a written Sentencing Opinion (Doc. #10), explaining that the Defendant's guidelines range was enhanced based on application of the career

---

[1] As the Sixth Circuit noted in its order (Doc. #22), the presentence report attributed 72.2 grams of crack cocaine to the Defendant.

offender guideline in §4B1.1(a).[2]  The Court wrote:

> "The definition of 'career offender' in § 4B1.1(a) of the Sentencing Guidelines has been refined to 'focus more precisely on the class of recidivist offenders for whom a lengthy term of imprisonment is appropriate and to avoid "unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct...."'" 28 U.S.C. § 991(b)(1)(B).  The Court finds that the application of the career offender provision in § 4B1.1 adequately conforms Defendant's sentence to those of similar offenders with similar records.  Te consequent guideline range both reflects the seriousness of the offense and serves the Sentencing Commission's goal of consistency in sentencing like offenders." Opinion, p.4.

Defendant did not object to the Guidelines range at sentencing.

Defendant took an appeal to the Sixth Circuit, arguing that his sentence was excessive (i.e. unreasonable) in view of the Supreme Court's decision in *United States v. Kimbrough*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and a recent amendment to the Sentencing Guidelines reducing the sentencing disparity between crack and powder cocaine.  The Sixth Circuit rejected this argument, finding that "Martin's total offense level was determined by his status as a career offender, not by the drug quantities attributable to him under § 2D1.1." (Doc. #22).

On October 6, 2008, the Supreme Court denied the Defendant's petition for writ of certiorari. (Doc. #24).  The Defendant filed the present motion on July 20, 2009, raising the following three arguments:

> I.   PETITIONER'S GUILTY PLEAS LACKS AN ESSENTIAL ELEMENT OF DRUGS QUANTITY THAT HE INTENDED TO DISTRIBUTE IN ORDER TO BE ACCEPTED [AS] KNOWING AND VOLUNTARY.

---

[2] Under § 4B1.1(b), "[a] career offender's criminal history category in every case under this subsection shall be Category VI."  In addition, if, as in the present case, the offense statutory maximum sentence is life, the offense level is elevated to Level 37.

II.      PETITIONER'S COUNSEL PROVIDED INEFFECTIVE ASSISTANCE PURSUANT TO AN ERRONEOUS U.S.S.G. § 4B1.1's BASE OFFENSE LEVEL ENHANCEMENT.

III.     PETITIONER WAS DENIED AN OPPORTUNITY TO REVIEW AND READ THE PRESENTENCE REPORT WHICH RESULTED IN A DUE PROCESS VIOLATION PURSUANT TO RULE 32(c)(3)(A) AND § 3552(d).

The government has not filed a response.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the United States Constitution.  "[A] defendant must show a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. U.S.* 157 F.3d 427, 430 6th Cir. 1998) (internal quotation omitted);  *Gall v. United States,* 21 F.3d 107, 109 (6th Cir.1994).  To prevail under § 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir.2003).

Where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent. *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).  "Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." *Regalado v. United States,* 334 F.3d 520, 527 -528 (6th Cir. 2003), *citing United States v. Frady,* 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

Furthermore, "The *Frady* cause and prejudice standard applies to a defendant who pleads guilty and first asserts a claim for relief in a collateral proceeding." *Ratliff v. United States,* 999 F.2d 1023, 1025 (6th Cir.1993).

### III.   DISCUSSION
### A.  Knowing and Voluntary Plea

Defendant contends that the trial court's failure to specifically inform him of the elements of the offense, in particular the element of drug quantity that raised the statutory maximum sentence from 20 years to life, violated Fed.R.Cr.P. 11(b)(1)(G) and resulted in a plea that was neither knowing nor voluntary.

Initially, I note that although he could have done so, the Defendant did not raise this issue in his direct appeal. Nor has he either cause for his failure to do so, or prejudice. *Bousley v. United States, supra*; *Ratliff v. United States, supra*. Therefore, this claim has been procedurally defaulted.

Moreover, the issue is without merit. To be constitutionally valid, a plea of guilty must be made knowingly and voluntarily. In *Bousley v. United States*, *supra*, 523 U.S. 614 at 618, the Supreme Court stated:

> "A plea of guilty is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.' *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). We have long held that a plea does not qualify as intelligent unless a criminal defendant first receives 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.' *Smith v. O'Grady,* 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941)."

Rule 11(b)(1) sets forth the advice that the court must give to a defendant who is pleading guilty. Rule 11(b)(1)(G) requires the court to advise the defendant of "the nature of each charge to which the defendant is pleading." Furthermore, "[a]lthough the amount of cocaine involved in a violation of § 841(a) is an enhancement element of the

offense, this element is treated no differently than the traditional elements of a § 841(a) violation for purposes of determining whether a plea was knowing and voluntary." *United States v. Valdez*, 362 F.3d 903, 909 (6th Cir. 2004). In other words, the defendant must be made aware that proof of drug quantity is essential to the offense to which he is pleading guilty.

In the present case, the following colloquy occurred regarding the nature of the offense:

> THE COURT: Has your attorney explained to you the nature of the charge against you to your satisfaction?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have you received a copy of the indictment?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have you gone over that with your attorney, Mr. Reid?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand it?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you have any question about it?
>
> THE DEFENDANT: No.
>
> THE COURT: Do you understand that in order for the government to prove you guilty of this offense, that is, possession with intent to distribute cocaine base or crack cocaine, they would have to prove each and every element of that offense beyond a reasonable doubt?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: They would have to prove in this case beyond a reasonable doubt that on or about March 10th of this year, 2006, you possessed with

>    intent to distribute cocaine base commonly known as crack cocaine. They would have to prove that you knowingly possessed that substance with intent to distribute and they would have to prove that the substance in question possessed was, in fact, crack cocaine or cocaine base. They would have to prove that you did this knowingly, freely and voluntarily and not because of some accident, mistake or other innocent reason. And they would have to prove all of this beyond a reasonable doubt. Do you understand that?
>
>    THE DEFENDANT: Yes. (Tr. 10-24-06, 7-9).
>
>    *                              *                              *
>
>    THE COURT:   Do you understand that the maximum penalty that can be imposed on you for violating this law is you could be sent to prison for a minimum of ten years and a maximum of life?
>
>    THE DEFENDANT: Yes. *Id.*, 9.

The Defendant claims error based on the omission of the charged quantity of cocaine base (50 grams or more) in this colloquy, and contends that therefore, the offense he actually pled guilty to was possession of crack cocaine of unspecified quantity, which would carry a maximum sentence of 20 years. In turn, he argues, this would significantly reduce his career offender guidelines and his ultimate sentence.

The fact that the judge did not specifically refer to the 50-gram quantity in this colloquy did not render the Defendant's plea unknowing or involuntary. The controlling question is whether, in view of the entire record, the Defendant was aware of the nature of the charge to which he is pleading, including what the government was required to prove, and what the maximum penalty is. Here, the record shows that the Defendant was fully aware of the charge to which he was pleading and the potential consequences thereof.

First, the Defendant acknowledged on the record that he had received a copy of the indictment, that he discussed it fully with his attorney, and that he understood the charge. (Tr. 10-24-06, 7-8). The Supreme Court has observed that as long as a defendant is provided a copy of his indictment prior to pleading guilty, there is a "presumption that the

defendant was informed of the nature of the charge against him." *Bousley,supra*, 523 U.S. at 618.

Secondly, when the judge asked what he did, the Defendant replied that he was "caught with fifty grams in my possession," implicitly acknowledging that he was aware of the quantity-based aspect of the offense. (Tr. 10-24-06, 11). Later, on questioning by the judge, the Defendant again acknowledged that he possessed "fifty grams or more." *Id*., 12.

Thirdly, the judge clearly advised the Defendant that the maximum penalty was life imprisonment, with a 10-year mandatory minimum. That penalty is consistent with the 50-gram quantity charged in the indictment.

In *United States v. Leachman*, 309 F.3d 377 (6th Cir. 2002), the trial judge likewise omitted the drug quantity from his plea colloquy. Nevertheless, the Sixth Circuit found that the plea was knowing and voluntary, stating:

> "Although the judge did not specify the amount of drugs during this colloquy, he specified the sentencing range applicable to the charges in the indictment. Leachman agreed to the range, thereby implicitly agreeing to the amount."

In *United States v. Perez,* 270 F.3d 737 (8th Cir.2001), the judge also omitted the drug quantity in the plea colloquy. The Eighth Circuit, relying on the *Bousley* presumption, found that the defendant was sufficiently apprised of the nature of the offense. The court relied on the facts that, similarly to the present case, the trial judge had advised the defendant of the quantity of controlled substances alleged in the indictment and the sentencing range based on those quantities, and the defendant pleaded guilty to those amounts as stated in the indictment. *Id.* at 740. *See also United States v. Valdez, supra*, 362 F.3d at 909 -912.

In this case, as the above cases demonstrate, the Defendant was sufficiently apprised of the nature of the offense notwithstanding the omission of the drug quantity in the plea colloquy. The Defendant's plea was knowing and voluntary, and there was neither a violation of Rule 11(b)(1)(G) or of due process.[3]

Therefore, this issue fails both procedurally and on the merits.

### B.   Ineffective Assistance

As a corollary to the above issue, the Defendant argues that his trial counsel was constitutionally ineffective because he failed to object to the career offender enhancement, which in turn he believes was inappropriate because he only pleaded guilty to an unspecified amount of cocaine base.

The Sixth Amendment guarantees the accused in a criminal prosecution the right to the effective assistance of counsel. *Strickland* v. *Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* sets forth a two-part test for assessing claims of ineffective assistance. First, did the attorney make errors "so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment." *Id.*, 466 U.S. at 687. To establish deficient performance under this prong of *Strickland*, the defendant must show that his attorney's representation "fell below an objective standard of reasonableness." *Id.*, at 688. The second prong of *Strickland* examines whether the

---

[3] In *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004), the Supreme Court held "that a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." This Defendant has not made that showing. *Dominguez Benitez* also noted, 542 U.S. at 83, fn. 9, that "[f]or Rule 11 claims...[§2255 relief] is open only in the most egregious cases," and that "[a] defendant will rarely, if ever, be able to obtain relief for rule 11 violations under §2255."

defendant was prejudiced by counsel's deficient performance. To meet the prejudice standard, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

Where ineffective assistance is alleged in the context of a guilty plea, it must be shown that counsel's performance was deficient and that the deficient performance caused the defendant to reach a different decision regarding the plea. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). To satisfy the "prejudice" prong of *Strickland*, the defendant must show that, but for counsel's errors, he or she would not have pleaded guilty or nolo contendere, but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. at 58-59; *Warner v. United States*, 975 F.2d 1207, 1214 (6th Cir. 1992)(prejudice shown if defendant shows a reasonable probability that but for counsel's defective advice, he would not have pleaded guilty).

As discussed in the above section, the Defendant was perfectly aware that he was pleading guilty to possession of 50 grams or more of crack cocaine, and that he was facing a maximum sentence of life imprisonment. He admitted on the record that he possessed 50 grams or more of crack cocaine. While counsel could–and did–argue for a more lenient sentence, he had no basis to argue that the career offender guidelines were miscalculated, or that the Defendant's maximum sentence could not exceed 20 years. Counsel's failure to make those arguments cannot be considered deficient performance. Further, if counsel had made those arguments, they would have been summarily rejected as lacking in merit. Therefore, there is no prejudice. Defendant's ineffective assistance claim must be rejected.

### C. Opportunity to Review Presentence Report

The Defendant argues that he was not given sufficient opportunity to review his presentence report, as required by Fed.R.Civ.P. 32(e), and that as a result, he was denied due process at sentencing. In support of this claim, he has appended to his motion, as Exhibits A and B, post-judgment letters from his trial counsel. In Exhibit B, a letter dated November 16, 2007, counsel states that the Defendant, who was out on bond, declined to come into his office to read and discuss the report, but that they went over the report on the telephone:

> "Secondly, in regards to your having not gone over the presentence report, technically you're right. If you will recall, I made an appointment for you to come into the office so that we could go over the report. You didn't come to the office as scheduled. I called you and informed you that it was necessary for you to come in. You told me that you couldn't make it. I then read the report to you over the telephone and asked you if there were any corrections to be made to the report. You told me that the report was accurate other than you disagreed with one of the juvenile convictions that were in the report....So technically, you didn't physically review the report."

In *United States v. Sellers*, 1 Fed.Appx. 468, 2001 WL 45244, *5 (6th Cir. 2001), the Sixth Circuit stated:

> "During sentencing, the court need not affirmatively ask the defendant and his lawyer whether they had read and discussed the presentence report; "the court need only *somehow* determine that defendant and counsel have had an opportunity to read and discuss [it]." *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir.1988) (emphasis in original; note and citation omitted). If, absent direct relevant queries, the overall record nonetheless reflected that the defendant and his counsel had each read the PSR and had discussed it, no error occurred. *See Ratliff v. United States,* 999 F.2d 1023, 1028 (6th Cir.1993)."

In the present case, the following exchange occurred at sentencing:

THE COURT: Mr. Reid, have you had an opportunity to review the Presentence Report with your client. And if so - -

-11-

> MR. REID: I have, your Honor.
>
> THE COURT: - - do you have any corrections deletions or objections that you want to bring to my attention?
>
> MR. REID: Well, there are no corrections per se to make to the report. I did want to speak on behalf of my client if the Court would allow. (Tr. 1-18-08, 3-4).

Thus, counsel stated affirmatively on the record, in response to the Court's questioning, that he had indeed reviewed the presentence report with his client. The judge adequately complied with the requirements of Rule 32. Significantly, the Defendant did not at any time indicate that he had not reviewed the report with his attorney, or was unaware of its contents. *See United States v. Sellers, supra*, at *6 (noting that the defendant "never affirmatively stated that he had *not* read that document, or that he had not discussed it with his lawyer").

In addition, counsel's letter (Exhibit B) shows that he asked the Defendant to come to his office to review the report, but the Defendant, who was out on bond, refused to do so. *See Sellers*, at *6 (observing that the defendant "was at liberty on bail prior to his sentencing; he had unrestrained occasion to read and discuss the PSR with his lawyer..."). Even so, counsel indicates that he read the entire report to the Defendant over the telephone, so the Defendant was fully apprised of its contents. Any blame for the Defendant's failure to have a physical copy of the report lies with the Defendant, not with his attorney or the Court.

Further, even if there were a technical Rule 32 error that deprived the Defendant of the opportunity to fully review the presentence report, it would be harmless. *See Sellers* ("Because the alleged error was merely technical, the defendant must prove that he

suffered *actual prejudice* as a result of that alleged error")(emphasis in original).  Other than his claim of misapplication of the career offender guidelines (which, as discussed above, is a non-issue), the Defendant has not identified any inaccuracy in the presentence report, or demonstrated that the judge relied on any false information.  As the Sixth Circuit held in *Ratliff v. United States*, 999 F.2d 1023, 1028 (6th Cir. 1993):

> "Because Ratliff has failed to show that the sentencing court relied on false information in a presentence report which he was not afforded the opportunity to review, he raises neither a Rule 32 violation which would require resentencing nor a due process claim which can be addressed in this § 2255 proceeding."

Finally, Defendant argues that his trial attorney was ineffective in not providing him the opportunity to view the presentence report.  Of course, that claim is rebutted by Defendant's Exhibit B, which shows that the Defendant rebuffed counsel's requests that he come into the office to view the report.  But even assuming that the Defendant could show that his counsel's performance was deficient, he has, for the reasons discussed above, failed to show that he was prejudiced.  Therefore, he has not met the second prong of *Strickland*.

## IV.    CONCLUSION

For these reasons, I recommend that Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Docket #31] be DENIED.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d

505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 3, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 3, 2010.

S/Susan Jefferson
Case Manager