**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        CASE NO. 06-20388
        HON. LAWRENCE P. ZATKOFF

KAREEM MARTIN,

        Defendant.
_____/

**OPINION AND ORDER**
**DENYING REDUCTION IN SENTENCE**

      The Court recently received a letter from Defendant asking the Court to reduce the 276 month term of imprisonment imposed against Defendant on January 24, 2007 (Docket #60). Defendant does not cite any authority in support of his request. Accordingly, the Court treats the letter as motion for reduction of sentence ("Defendant's Motion").

      A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. *See United States v. Green,* 405 F.3d 1180, 1184 (10th Cir. 2005) (citations omitted). "A district court does not have inherent power to resentence defendants at any time." *See United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996). 18 U.S.C. §3582(c) provides only three jurisdictional grants under which a court may modify a term of imprisonment once it has been imposed: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons;" (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure;" or (3) in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C.

§3582(c)(1)(A), (c)(1)(B), (c)(2).[1] In the instant matter, it is clear that neither option (1) nor option (3) is relevant to Defendant's Motion.

With respect to option (2), there is no statutory authority for modification of Defendant's sentence, except as described above, and Defendant's Motion does not satisfy the criteria required under Rule 35. Pursuant to Rule 35, this Court can reduce a previously imposed sentence in only two circumstances: (a) within 14 days of the date of sentencing, for arithmetical, technical, or other clear error, or (b) upon a motion by the government as the result of substantial assistance being provided by the defendant. Defendant's Motion is not a motion to correct the sentence based on arithmetical, technical or other clear error, and Defendant did not file his motion within 14 days of the date of sentencing. Finally, the government has not moved this Court to reduce Defendant's sentence.

For the reasons set forth above, the Court concludes that it has no jurisdiction or authority to reduce Defendant's sentence. Accordingly, Defendant's Motion is DENIED.

IT IS SO ORDERED.

Dated: July 8, 2014                                S/Lawrence P. Zatkoff
                                                   LAWRENCE P. ZATKOFF
                                                   UNITED STATES DISTRICT JUDGE

---

[1] A district court also may modify a defendant's sentence following a remand from the Court of Appeals, *see* 18 U.S.C. §3742(g), or to correct clerical errors. *See* Fed.R.Crim.P. 36. Neither provision is relevant in this case.